**2**

**Binder Malter Harris & Rome-Banks LLP**
Jule H. Rome-Banks #142364
Reno Fernandez #251934
490 Chadbourne Road, Suite A137
Fairfield, CA 94534
(408) 295-1700
julie@bindermalter.com
reno@bindermalter.com

Proposed Attorneys for Debtor in Possession,
Mare Island Dry Dock, LLC

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>MARE ISLAND DRY DOCK, LLC,<br><br>Debtor. | Case No. 26-20777-B-11<br><br>Chapter 11<br><br>DCN: BM-8<br><br>Date: TBD<br>Time: TBD<br>Dept.: B<br>Place: 501 I Street, 6th Floor, Courtroom 32<br>Sacramento, California<br><br>Honorable Christopher D. Jaime |

## DECLARATION OF STEPHEN DILEO IN SUPPORT OF DEBTOR'S EMERGENCY MOTION TO DETERMINE SCOPE OF AND ENFORCE AUTOMATIC STAY AS TO LEASE

I, Stephen DiLeo, know the following matters to be true of my own personal knowledge. I am over the age of eighteen. If called as a witness, I could and would competently testify as follows:

1. I am the President of Mare Island Dry Dock, LLC, Debtor in Possession herein. I am knowledgeable of the Debtor's assets, liabilities, and financial affairs.

2. This bankruptcy case ultimately stems from a major contract being unexpectedly awarded to a higher bidder. For twelve years, the Debtor won contracts to maintain and repair the two United States Coast Guard Ice Breakers: the USCGC *Healy* and the USCGC *Polar Star*. The

*Polar Star* docked at the Debtor's facility for repairs approximately ten times in the last twelve years. In November, 2025, the Debtor was the lowest bidder for the *Healy's* next round of maintenance and repair. However, the Coast Guard awarded the contract to a higher bidder, namely Vigor Marine in Portland, Oregon.

3.     The contract was not awarded to a higher bidder because of any deficiency in the quality or timeliness of the Debtor's work, for which the Debtor has an excellent track record. On the contrary, the contract was awarded to Vigor because of its location only a car's ride away from Seattle, Washington, where a majority of the *Healy*'s crew is based.

4.     On January 16, 2026, Lind Marine recorded a *Claim of Mechanics Lien*, which purports to encumber real property that the Debtor leases from Nimitz Group, LLC (the "Landlord"). The Debtor contends that the mechanics lien is defective and does not encumber the Landlord's interest in the real property. I informed the Landlord of the Debtor's contention. On more than one occasion, including on January 28, 2026, the Landlord orally assured me that the mechanics lien would not be a problem.

5.     The Debtor is in the midst of negotiations to sell its business. Of necessity, the Debtor introduced the most promising potential buyer to the Landlord. However, after this case was filed (on February 14, 2026), I am informed and believe that the Landlord has been in contact with the buyer and has represented to the buyer that the Lease has been terminated and is no longer valid. Such information and belief are based upon subsequent conversations with the buyer. After talking with the Landlord, the buyer has become hesitant to conclude negotiations and proceed with a sale unless and until the Court determines whether or not the Lease has been terminated.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States. Executed this 2nd day of March, 2026, at Bay Shore, New York.

    /s/ Stephen DiLeo
    STEPHEN DILEO

DECLARATION OF STEPHEN DILEO IN SUPPORT OF DEBTOR'S EMERGENCY MOTION
TO DETERMINE SCOPE OF AND ENFORCE AUTOMATIC STAY AS TO LEASE                    Page 2