**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Steven N. Serajeddini, P.C. (*pro hac vice pending*)
Aaron Metviner (*pro hac vice pending*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
steven.serajeddini@kirkland.com
aaron.metviner@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Mark McKane, P.C. (SBN 230552)
555 California Street, Suite 27th Floor
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 309-4217
mark.mckane@kirkland.com

**RAGGHIANTI FREITAS LLP**
Eric Sternberger (SBN 202295)
David Feingold (SBN 125112)
1101 Fifth Avenue, Suite 100,
San Rafael, California 94901
Telephone: (415) 453-9433
eric@rflawllp.com
dfeingold@rflawllp.com

*Counsel for Lind Marine, LLC*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| In re: | Case No. 26-20777-B-11 |
| MARE ISLAND DRY DOCK, LLC, | Chapter 11 |
| Debtor. | |
| | No Hearing Required |

**LIND MARINE, LLC'S NOTICE OF PERFECTION, CONTINUATION, AND MAINTENANCE OF LIEN PURSUANT TO 11 U.S.C. §§ 362(b)(3) AND 546(b)(2)**

1     Lind Marine, LLC ("Lind Marine"), by and through its undersigned counsel, hereby provides notice (this "Notice") of its valid, timely filed, and properly perfected mechanic's lien against Mare Island Dry Dock, LLC (the "Debtor"), and hereby gives notice to preserve, maintain, and continue perfection of such lien pursuant to sections 362(b)(3) and 546(b)(2) of title 11 of the United States Code (the "Bankruptcy Code").

    1. On March 6, 2025, Lind Marine received the Notice of Award for the Mare Island Dry Dock Maintenance Dredge Project (the "Project") from the Debtor. The Project consisted of multiple episodes.

    2. On August 6, 2025, the Debtor issued the Subcontractor Purchase Order No. DRED255003A to Lind Marine for the Episode 2025B dredging services. The scope of work included mobilization/demobilization and mechanical dredging with placement at a beneficial reuse site. Commencement of work constituted acceptance of the Debtor's terms and conditions. Lind Marine began to perform mechanical dredging on the real property located at 1180 Nimitz Avenue, Vallejo, CA 94592 (the "Real Property"), which is leased by the Debtor from Nimitz Group, LLC d/b/a The Mare Island Company (the "Landlord"). On August 14, 2025, Lind submitted Invoice No. 122782 (the "August Invoice") to the Debtor for the completion of Episode 2025B referencing Subcontractor Purchase Order No. DRED255003A for the total amount of $412,186.50 with a due date of September 13, 2025. This invoice remains unpaid.

    3. On November 24, 2025, the Debtor issued another Subcontractor Purchase Order No. DRED255003B to Lind Marine for the Episode 2025D dredging services. Lind Marine performed mechanical dredging services accordingly. On December 15, 2025, Lind Marine submitted Invoice No. 128220 (the "December Invoice" and collectively with the August Invoice, the "Invoices") to the Debtor for the completion of Episode 2025D referencing Subcontractor Purchase Order No. DRED255003B for the total amount of $340,151.25 with a due date of January 14, 2026. The invoice remains unpaid. The total amount owed to Lind Marine is $752,337.75 (excluding interest, costs, and attorney's fees).

    4. Under applicable law, Lind Marine has timely filed the Claim of Mechanic's Lien in Solano County, California (the "Lien"), which is described as follows:

| Property Name | Lien Amount | Dates and Nature of Work | Recording Date | Recording Information |
|---|---|---|---|---|
| 1180 Nimitz Avenue, Vallejo, CA 94592, and generally known as the Mare Island Drydock property 0000158467 | $752,337.75, together with interest, contractual charges, costs, and attorneys' fees as permitted by applicable law (including interest at the rate of 18% per annum from September 13, 2025 and January 14, 2026, as applicable)[1] | Mechanical dredging at the property, which was completed by Lind Marine on or about December 4, 2025 | January 16, 2026 | Solano County, California; Document No. 202600002568 |

A copy of the Lien filed by Lind Marine is attached hereto as **Exhibit A**.

5. On February 14, 2026, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of California (the "Bankruptcy Court"). Pursuant to the List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders, attached to the Debtor's Voluntary Petition for Non-Individuals Filing for Bankruptcy filed at Docket No. 1, the Debtor listed Lind Marine as an unsecured creditor with a total unsecured claim $752,337.75.

6. Contrary to the Debtor's assertions, Lind Marine's claim is secured because Lind Marine's Lien was timely and properly filed and it is valid under California law. California law expressly permits mechanics liens to attach to a leasehold interest of a person who contracted for the work of improvement. Under section 8440 of California Civil Code, "a lien attaches to the work of improvement and to the real property on which the work of improvement is situated." *See* Cal. Civ. Code § 8440. Section 8442 of California Civil Code further specifies that liens attach to "the interest of a person that contracted for the work of improvement," which includes leasehold interests. *See* Cal. Civ. Code § 8442. California courts have consistently held that mechanics liens can attach to and be

---

[1] Pursuant to the Invoices, a service charge of 1.5% per 30 days (18% annually) was charged on the unpaid balance.

3

enforced against leasehold interests. *See Archibald v. Iacopi*, 120 Cal. App. 2d 666 (1953) (explaining that "a mechanic's lien may attach to, and be enforced against, a leasehold interest for labor and materials furnished under a contract with the lessee."). As indicated herein, the Debtor contracted for the Project and therefore the Lien attaches to the Debtor's leasehold interest and any other interest of the Debtor in the property to the maximum extent permitted by law.

7. Dredging constitutes a work of improvement. Under California Civil Code § 8050, a "work of improvement" includes, among other things, the construction, alteration, addition to, or repair of any building, wharf, bridge, ditch, flume, aqueduct, well, tunnel, fence, machinery, railroad, or road, the seeding, sodding, or planting of any lot or tract of land, and the filling, leveling, or grading of any lot or tract of land. *See* Cal. Civ. Code § 8050. California courts have construed this definition broadly to encompass any improvement that enhances the value of real property. *See, e.g.*, *Picerne Constr. Corp. v. Castellino Villas*, 244 Cal. App. 4th 1201, 1209 (2016) (stating that courts have uniformly classified the mechanic's lien statute as remedial legislation, to be liberally construed for the protection of laborers and material suppliers and doubts concerning the meaning of the statute are generally resolved in favor of the lien claimant); *see also* U*nited Rentals Northwest, Inc. v. Snider Lumber Products, Inc.*, 174 Cal. App. 4th 1479 (2009) (holding that the removal of lumber drying kilns from a sawmill can constitute a work of improvement). The dredging performed by Lind Marine was undertaken to remove accumulated sediment from the navigational approaches to the Debtor's facilities. Without such dredging, vessels cannot safely access the dry docks, rendering the Debtor's leasehold estate — the dry docks themselves — functionally inoperable. The dredging therefore directly enhanced the utility, access, and operational capacity of the Debtor's leasehold estate and therefore such work qualifies as work of improvement.

8. Section 362(b)(3) of the Bankruptcy Code provides that the automatic stay does not prevent any act to perfect or maintain or continue the perfection of an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of the Bankruptcy Code. *See* 11 U.S.C. § 362(b)(3). Section 546(b)(1) of the Bankruptcy Code provides that a trustee's rights and powers are subject to generally applicable law that permits perfection, or maintenance or continuation of perfection, of an interest in property. *See* 11 U.S.C. § 546(b)(1).

Section 546(b)(2) of the Bankruptcy Code provides that when applicable law requires seizure of property or commencement of an action to accomplish perfection, or maintenance or continuation of perfection, of an interest in property, the claimant may file a notice with the Bankruptcy Court, in lieu of such seizure or commencement. *See* 11 U.S.C. § 546(b)(2).

9. Pursuant to California mechanics lien law, a claimant must commence an action to enforce a lien within 90 days after recordation of the claim of lien. Cal. Civ. Code § 8460(a). Because the Debtor filed its chapter 11 petition for bankruptcy on February 14, 2026, it created an automatic stay of all actions, including a state-court action by Lind Marine to enforce the Lien. Thus, absent relief from the automatic stay, Lind Marine is prevented from commencing an action to enforce its Lien against the Debtor.

10. Lind Marine is hereby filing this notice to preserve, perfect, maintain, and continue its rights in the lien under applicable state law and Section 546(b)(2) of the Bankruptcy Code. Pursuant to Section 546(b)(2) of the Bankruptcy Code, this Notice shall be effective in lieu of seizure of the property subject to the lien or commencement of an action to accomplish the perfection of, or maintenance or continuation of perfection of, Lind Marine's interest in such property.

11. The filing of this notice shall further not be construed as an admission that such filing is required under the Bankruptcy Code, or any other applicable law. Lind Marine expressly reserves all rights and remedies, whether at law or by contract, with respect to the Lien, including but not limited to seek relief from the automatic stay. Lind Marine further claims all rights concerning the tolling of applicable statutes of limitation. The filing of this notice shall not be deemed to be a waiver of any of Lind Marine's right to seek relief from the automatic stay to foreclose on the Lien, and/or any other rights, remedies or defenses. Lind Marine reserves the right to supplement and/or amend this Notice.

12. Service of this Notice will be made on (a) the Debtor and its counsel of record, (b) the Landlord and its counsel of record (if known), (c) the debtor-in-possession lender (including in its capacity as prepetition secured lender) and its counsel, and (d) the United States Trustee for the Eastern District of California.

| | |
|---|---|
| DATED: March 4, 2026 | **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br><br>By: _/s/ Mark McKane_<br>　　Steven N. Serajeddini, P.C. (*pro hac vice pending*)<br>　　Aaron Metviner (*pro hac vice pending*)<br>　　601 Lexington Avenue<br>　　New York, New York 10022<br>　　Telephone: (212) 446-4800<br>　　Facsimile: (212) 446-4900<br>　　steven.serajeddini@kirkland.com<br>　　aaron.metviner@kirkland.com<br><br>　- and -<br><br>　　Mark McKane, P.C.<br>　　555 California Street, Suite 27th Floor<br>　　San Francisco, California 94104<br>　　Telephone: (415) 439-1400<br>　　Facsimile: (415) 309-4217<br>　　mark.mckane@kirkland.com |