**3**

**Binder Malter Harris & Rome-Banks LLP**
Julie H. Rome-Banks #142364
Reno Fernandez #251934
490 Chadbourne Road, Suite A137
Fairfield, CA 94534
(408) 295-1700
julie@bindermalter.com
reno@bindermalter.com

Attorneys for Debtor in Possession,
Mare Island Dry Dock, LLC

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re: | Case No. 26-20777-B-11 |
| MARE ISLAND DRY DOCK, LLC, | Chapter 11 |
| Debtor. | DCN:  BM-15 |

**ORDER AUTHORIZING EMPLOYMENT OF**
**ACCOUNTANTS FOR DEBTOR IN POSSESSION**

An application to employ accountants to prepare tax returns and perform other tasks for Mare Island Dry Dock, LLC, Debtor in Possession herein, pursuant to Bankruptcy Code § 327 has been made.  Based upon the application, the record, and the verified statement required by Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, it appears that the accountants are eligible to be employed, effective as of the date of this order.

IT IS ORDERED that the debtor is authorized to retain Bean Hunt Harris & Company Corporation as its accountants, subject to the following reasonable terms and conditions pursuant to Bankruptcy Code § 328 (a):

1. No compensation is permitted except upon Court order following application pursuant to Bankruptcy Code § 330.

2. Compensation will be at the "lodestar rate" applicable at the time that services are rendered in accordance with the Ninth Circuit's decision in *In re Manoa Finance Company*, 853

F. 2d 687 (9th Cir. 1988).  Guidance on evidence appropriate to support applications for compensation appears in *In re Gianulias*, 98 B.R. 27 (Bankr. E.D. Cal.), *aff'd*, 111 B.R. 867 (E.D. Cal. 1989).

3.    No hourly rate or other term in the Application is approved unless unambiguously so stated in this order or in a subsequent order of this Court.

4.    All funds received by the accountants in connection with this case, regardless of whether they are denominated a retainer or are said to be non-refundable, are deemed to be an advance payment of fees and to be property of the estate except to the extent that the accountants demonstrate, pursuant to the statement required by Bankruptcy Code § 329 filed before ten (10) days after issuance of this order, that such funds were received as the reasonable value of actual prepetition services.

5.    Funds that are deemed to constitute an advance payment of fees shall be maintained in a trust account in an authorized depository, which account may be either separate interest-bearing account or an attorney's trust account containing commingled trust funds. Withdrawals are permitted only after approval of an application for compensation and after the Court issues an order authorizing disbursement of a specified amount.

6.    Although *nunc pro tunc* approval of employment is no longer permissible, compensation for pre-employment services may still be allowed upon a showing of exceptional circumstances.  *In re Miller*, 620 B.R. 637 (Bankr. E.D. Cal. 2020).  Any application or motion for compensation must therefore distinguish between any services provided before the effective date of employment (and include the requisite showing supported by evidence) and services provided after the effective date of employment.  The effective date of employment is the date of this order.

///

///

///

///

ORDER AUTHORIZING EMPLOYMENT OF ACCOUNTANTS FOR DEBTOR IN POSSESSION                    Page 2

7.    Monthly applications for interim compensation pursuant to Bankruptcy Code § 331 will be entertained.

**Dated:** April 07, 2026

Christopher D. Jaime, Chief Judge
United States Bankruptcy Court

ORDER AUTHORIZING EMPLOYMENT OF ACCOUNTANTS FOR DEBTOR IN POSSESSION                    Page 3