**6**

**Binder Malter Harris & Rome-Banks LLP**
Jule H. Rome-Banks #142364
Reno Fernandez #251934
490 Chadbourne Road, Suite A137
Fairfield, CA 94534
(408) 295-1700
julie@bindermalter.com
reno@bindermalter.com

Attorneys for Debtor in Possession,
Mare Island Dry Dock, LLC

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

In re:

MARE ISLAND DRY DOCK, LLC,

         Debtor.

Case No. 26-20777-B-11

Chapter 11

DCN: BM-18

Date: May 7, 2026
Time: 10:00 am
Dept.: B
Place: 501 I Street, 6th Floor, Courtroom 32
        Sacramento, California

Honorable Christopher D. Jaime

**ORDER AUTHORIZING DEBTOR TO (I) SELL SUBSTANTIALLY ALL ASSETS FREE AND CLEAR OF LIENS AND INTERESTS, (II) ASSUME AND ASSIGN OR REJECT UNEXPIRED LEASES AND EXECUTORY CONTRACTS, AND (III) COMPROMISE CONTROVERSY**

A hearing on the *Debtor's Motion for Authority to (I) Sell Substantially All Assets Free and Clear of Liens and Interests, (II) Assume and Assign or Reject Unexpired Leases and Executory Contracts, and (III) Compromise Controversy* [Dkt. #251] (the "Motion"), filed by Mare Island Dry Dock, LLC, Debtor in Possession herein ("Debtor" or "Seller"), was held on May 7, 2026. Reno Fernandez of Binder Malter Harris & Rome-Banks LLP appeared for the Debtor; Monique D. Jewett-Brewster of Lathrop GPM LLP appeared for The Nimitz Group, LLC dba The Mare Island Company ("Buyer"); Tyler Davis of Keller Benvenutti Kim LLP appeared for the Official Committee of Unsecured Creditors; Jerry L. Switzer, Jr. of Polsinelli LLP appeared for Mare Island Dry Dock Investment LLC (the "Member"); other appearances were as noted on the record. The

ORDER AUTHORIZING DEBTOR TO (I) SELL SUBSTANTIALLY ALL ASSETS FREE AND
CLEAR OF LIENS AND INTERESTS, (II) ASSUME AND ASSIGN OR REJECT UNEXPIRED LEASES
AND EXECUTORY CONTRACTS, AND (III) COMPROMISE CONTROVERSY          Page 1

Court, having considered the Motion and all evidence offered in connection therewith, having heard the arguments and representations of counsel, having considered and overruled all objections to the Motion, finding that notice of the hearing and the time to object to the Motion were sufficient and proper, for the reasons stated on the record, and good cause appearing,

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED.

2. The terms and conditions of the *Asset Purchase Agreement* (the "APA"), by and between Buyer and Seller, and the *Membership Interest Purchase Agreement* (the "MIPA"), by and between Buyer and Member, both dated effective April 13, 2026, submitted as **Exhibits B** and **C** to the Motion, respectively, are approved.

3. Seller is authorized to sell to Buyer substantially all assets of the estate, subject to the terms of the APA, for the gross base purchase price of $12,000,000, as that price may be adjusted pursuant to the APA.

4. The assets shall be sold on an "as is," "where is," and "with all faults" basis, without warranty of any kind.

5. Seller, its agents, and the escrow agent identified in the APA are authorized to make such disbursements and payments on or after closing of the sale as are required under the APA, including by releasing the deposit provided for in the APA and paying undisputed secured claims.

6. Every secured creditor to be paid at closing shall submit to Seller a true and accurate written payoff demand within three business days of Seller's request therefor.

7. At closing, all undisputed secured claims, or the undisputed amount of any secured claim, shall be paid in full. Seller shall reserve the disputed amount of any secured claims in the account maintained pursuant to Rule 2015-2 of the Local Rules of Practice, which amounts may be commingled with other sale proceeds, provided that Seller shall identify each reserve for each claim holder in its books of account. As provided below, such secured claims shall attach to the sale proceeds with the same force, effect, validity, and priority as prior to closing.

8. Upon closing of the sale, as provided in the APA, all right, title, and interest of the Seller and the estate in the assets to be sold shall vest in the Buyer free and clear of the following

claims and interests:

a. All claims, liens, and interests asserted by Continental Republic Capital, LLC dba Republic Business Credit;

b. All claims, liens, and interests asserted by Michael Taglich;

c. All claims, liens, and interests asserted by Robert Taglich;

d. All claims, liens, and interests asserted by Steven DiLeo;

e. All claims, liens, and interests asserted by the Member;

f. All claims, liens, and interests asserted by Lind Marine, LLC;

g. All claims, liens, and interests asserted by IPFS Corporation;

h. All claims, liens, and interests asserted by HYG Financial Services, Inc.;

i. All claims, liens, and interests not of record as of the time of closing, where such claims, liens, and interests must be perfected by recording or filing; and

j. All other claims, liens, and interests of every kind (each an "Affected Interest" and, collectively, the "Affected Interests").

9. Unless any holder of an Affected Interest agrees to other treatment, upon closing of the sale, their liens, claims, or interests shall attach to the proceeds of the sale with the same force, effect, validity, and priority as prior to closing.

10. This order shall be, and is, effective as a determination that, upon closing of the sale, all Affected Interests are adjudged and declared to be unconditionally released as to the assets to be sold, including that certain *Claim of Mechanics Lien* recorded on January 16, 2026, in the official records of the County of Solano, California, as Document No. 202600002568. This order may be recorded in the official records of the County of Solano, California. The legal descriptions of the underlying real property are attached hereto as **Exhibit A** and incorporated herein by reference.

11. Seller and its agents are authorized to execute any releases, termination statements, assignments, consents, or instruments on behalf of any holder of an Affected Interest that are reasonably necessary or appropriate to effectuate or consummate the sale.

12. Seller and its agents are authorized to prepare, execute, deliver, file, and record such other and additional agreements, instruments, and documents, and to take such actions, as are

reasonably necessary or appropriate to effectuate or consummate the sale.

13. The APA and any related documents or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the estate or any party-in-interest.

14. The Court concludes that Buyer is a "good faith" purchaser entitled to the protections of Bankruptcy Code § 363(m). The transactions contemplated by the APA were negotiated, proposed, and entered into by the Debtor and the Buyer in good faith, at arm's length, and without collusion, fraud, or unfair dealing, and the consideration provided by the Buyer constitutes fair value and the highest or otherwise best offer for the assets to be sold.

15. Pursuant to section 363(m) of the Bankruptcy Code, this order, and the sale and transactions approved by this order, shall not be affected by any reversal or modification on appeal, or otherwise, unless this order is stayed pending such appeal. Buyer is entitled to all the protections afforded by Bankruptcy Code § 363(m), and the validity of the sale shall not be affected by any challenge to the authorization of the sale, whether on appeal or otherwise.

16. Buyer has not assumed any liabilities of Seller, except for obligations under unexpired leases and executory contracts assumed and assigned to Buyer pursuant to this order, and except as otherwise provided in the APA.

17. Seller is authorized to assume and assign to Buyer or reject each of the unexpired leases and executory contracts identified in the Motion (each a "Contract" and, collectively, the "Contracts") upon Buyer's election, which shall be made no later than the time of closing, conditional upon payment of all amounts necessary to cure defaults or arrears (the "Cure Amounts"). The Cure Amounts are conclusively deemed to be the cure amounts provided in the Motion.

18. Any of the Contracts not so assumed and assigned shall be rejected and shall be deemed to be rejected as of the time of closing.

19. Within seven calendar days after closing, Seller shall file and serve upon the appropriate counterparties notice of such assumption and assignment or rejection, which notice shall

ORDER AUTHORIZING DEBTOR TO (I) SELL SUBSTANTIALLY ALL ASSETS FREE AND
CLEAR OF LIENS AND INTERESTS, (II) ASSUME AND ASSIGN OR REJECT UNEXPIRED LEASES
AND EXECUTORY CONTRACTS, AND (III) COMPROMISE CONTROVERSY                    Page 4

identify the Contract assumed and assigned or rejected, the appropriate counterparties, and, for rejected Contracts, the time to file proofs of claim for rejection damages.

20. Counterparties to rejected Contracts shall file proofs of claim for rejection damages on or before the date that is thirty calendar days after service of the aforesaid notice.

21. In the event of any inconsistency between the APA and this order, this order shall control.

22. The mutual releases provided in the APA by Buyer and Seller are approved as fair and equitable pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

23. The fourteen-day stays provided in Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure are waived, and this order shall be effective immediately upon entry.

24. Notwithstanding anything to the contrary in this order, the APA, the MIPA or any other sale document (collectively "Sale Documents"), nothing in the Sale Documents shall: (i.) release, nullify, preclude or enjoin the enforcement of any police or regulatory power or any liability that any entity would be subject to as the owner, lessor, lessee or operator of property that such entity owns, operates or leases after the date of entry of this order; (ii.) affect the setoff or recoupment rights of any governmental entity; (iii.) confer exclusive jurisdiction upon the Bankruptcy Court except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code); (iv.) authorize the assumption, assignment, sale, or other transfer of any federal or state (a) grants, (b) grant funds, (c) contracts, (d) agreements, (e) awards, (f) task orders, (g) property (including, without limitation, patents and other intellectual property), (h) leases, (i) certifications, (j) applications, (k) registrations, (l) billing numbers, (m) national provider identifiers, (n) provider transaction access numbers, (o) licenses, (p) permits, (q) covenants, (r) inventory, (s) guarantees, (t) indemnifications, (u) data, (v) records, or (w) any other interests belonging to any governmental entity (collectively "Governmental Interests") without compliance by the Seller and Buyer with all terms of the Governmental Interests and all applicable non-bankruptcy law; (v.) set cure amounts or to require any governmental entity to novate, approve, or otherwise consent to the sale, assumption, assignment, or other transfer of any Governmental Interests; (vi.) waive, alter, or otherwise limit any governmental entity's property rights; (vii.)

expand the scope of 11 U.S.C. § 525; or (viii.) cause rejection damages claims to have to be filed by any governmental entity before the governmental claims bar date.

25.　　The Court retains jurisdiction to hear and determine any disputes and issues arising from or in connection with the subject matter of this order.

26.　　The *Opposition to Debtor's Motion for Authority to (I) Sell Substantially All Assets Free and Clear of Liens and Interests, (II) Assume and Assign or Reject Unexpired Leases and Executory Contracts, and (III) Compromise Controversy* [Dkt. #345], filed on May 7, 2026, by Nissan Motor Acceptance Company LLC, is overruled as untimely.

APPROVED AS TO FORM:

LATHROP GPM

By: _____
　　　Monique D. Jewett-Brewster
　　　Attorneys for Landlord,
　　　The Nimitz Group, LLC


**Dated:** May 11, 2026


_____
Christopher D. Jaime, Chief Judge
United States Bankruptcy Court

ORDER AUTHORIZING DEBTOR TO (I) SELL SUBSTANTIALLY ALL ASSETS FREE AND
CLEAR OF LIENS AND INTERESTS, (II) ASSUME AND ASSIGN OR REJECT UNEXPIRED LEASES
AND EXECUTORY CONTRACTS, AND (III) COMPROMISE CONTROVERSY　　　　　　　　Page 6