**5**

**Binder Malter Harris & Rome-Banks LLP**
Jule H. Rome-Banks #142364
Reno Fernandez #251934
490 Chadbourne Road, Suite A137
Fairfield, CA 94534
(408) 295-1700
julie@bindermalter.com
reno@bindermalter.com

Attorneys for Debtor in Possession,
Mare Island Dry Dock, LLC

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

In re:

MARE ISLAND DRY DOCK, LLC,

　　　　　　Debtor.

Case No. 26-20777-B-11

Chapter 11

DCN:　BM-24

Date:　June 16, 2026
Time:　11:00 am
Dept.:　B
Place:　501 I Street, 6th Floor, Courtroom 32
　　　　　Sacramento, California

Honorable Christopher D. Jaime

### DEBTOR'S MOTION FOR AUTHORITY TO SELL AUTOMOBILE

COMES NOW Mare Island Dry Dock, LLC, Debtor in Possession herein, moving for entry of an order authorizing it to sell the automobile described below, upon the terms described below, and waiving the fourteen-day stay, pursuant to Bankruptcy Code §§ 106(a) and 363(b)(1) and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure ("Rule 6004(h)"), and respectfully represents as follows:

### JURISDICTION AND VENUE

1.　　This case was commenced by the Debtor filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 14, 2026 (the "Petition Date"). A trustee has not been appointed, and the Debtor is in possession of its estate. The Debtor continues to operate its business pursuant to Bankruptcy Code § 1107 and 1108. An Official Committee of Unsecured Creditors was appointed on March 17, 2026 [Dkt. #153].

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1134(a), (b), and (e)(1), and *General Order No. 223* of the United States District Court for the Eastern District of California.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O).

5. The Debtor consents to the Court's entry of final orders and judgments in connection with this motion.

## BACKGROUND

6. On May 11, 2026, the Court entered an order authorizing the Debtor to sell substantially all assets of the estate to its landlord, The Nimitz Group, LLC (the "Landlord") [Dkt. #354]. The sale includes any automobiles owned by the Debtor. The sale is set to close on June 1, 2026, prior to the hearing on this motion. The sale is expected to provide for payment of all allowed claims in full, with interest.

7. Among the assets of the estate is a 2020 Nissan Rogue (VIN 5N1AT2MT4LC702932) with 28,575 miles (the "Vehicle") [Dkt. #152, Item 47.1]. The Vehicle is primarily driven by Jocelyn Santos, who is employed as a manager of the Debtor, handling human resources, accounts payable, and certain other administrative tasks. The Landlord does not intend to employ Ms. Santos.

8. Although Kelley Blue Book (kbb.com) provides a higher estimate of value ($14,270), the highest offer the Debtor was able to obtain for a prompt sale to a dealer or reputable institutional buyer is an offer of $7,800 by CarMax Enterprise Services, LLC. See the offer submitted as **Exhibit A** to the *Declaration of Harry Nicholsen in Support of Debtor's Motion for Authority to Sell Automobile*, filed herewith (the "Nicholsen Declaration").

9. The Debtor proposes to sell the Vehicle to Ms. Santos for the gross price of $7,800 (the "Sale Price"), by private sale, pursuant to the *Contract and Bill of Sale* (the "Agreement") submitted as **Exhibit B** to the Nicholsen Declaration. Because the Vehicle would otherwise be transferred to the Landlord, it is essentially owned by the Landlord. Accordingly, the Debtor proposes that the Sale Price be paid directly to the Landlord. The Landlord consents to the sale

upon such terms.

10. The Vehicle is unencumbered. Cal. Vehicle Code § 6300. See the *Certificate of Title* submitted as **Exhibit C** to the Nicholsen Declaration, which the former lender signed and released on January 5, 2026.

11. While a purpose of the proposed sale is to take advantage of an opportunity to ease the burden upon an employee of the Debtor who will soon lose her job, the estate derives some benefit from an orderly administration of this asset, and the estate will suffer no significant prejudice.

**SALE TERMS**

12. The Agreement provides, *inter alia*, that:

    a. Ms. Santos will purchase the Vehicle for the gross price of $7,800;

    b. The Purchase Price shall be paid in all cash, without any contingency, including any financing, inspection, or due diligence contingency;

    c. The sale shall be on an "as is," "where is," and "with all faults" basis, without warranty of any kind;

    d. The sale is conditional upon Court approval;

    e. The Purchase Price will be paid, and the sale will close, on the date that is fifteen (15) calendar days after the Court's entry of an order approving the sale or the next business day;

    f. Ms. Santos will be responsible for timely payment of all taxes, registration fees, and other fees and costs arising from the sale;

    g. Ms. Santos will be responsible for timely registering ownership of the Vehicle.

13. No broker or dealer was involved in obtaining or negotiating the sale, and no commission, finders fee, or other compensation will be owed or paid in connection with the sale.

14. The Debtor requests authority to conduct a private sale, without opportunity for overbid. However, if the Court is inclined to permit overbids, the Debtor requests that the Court require overbidders to qualify by presenting evidence of available funds at the time of the hearing.

DEBTOR'S MOTION FOR AUTHORITY TO SELL AUTOMOBILE　　　　　　　　　　　　　　　Page 3

## POINTS AND AUTHORITIES

### A.   SELLING THE VEHICLE IS A SOUND EXERCISE OF THE DEBTOR'S BUSINESS JUDGMENT

15.     Selling the Vehicle upon the terms described above is a sound exercise of the Debtor's business judgment.  Bankruptcy Code § 363(b) provides, in pertinent part, that: "The trustee, after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estates."  In determining whether to authorize a proposed use of estate asset, courts require debtors "to show that a sound business purpose justifies such actions." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *see also Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19 (9th Cir. BAP 1988).

16.     Here, the Debtor has no use for the Vehicle.  In fact, the Vehicle would be transferred to the Landlord upon closing of the sale of substantially all of the estate's assets, as discussed above. Although the Debtor will not receive the Vehicle sale proceeds, the estate derives some benefit from an orderly administration of this asset, and the estate will suffer no significant prejudice.

### B.   A PRIVATE SALE IS APPROPRIATE UNDER THE CIRCUMSTANCES

17.     A private sale is appropriate under the circumstances.  Rule 6004(f)(1) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that:  "A sale that is not in the ordinary course of business may be made by public auction or private sale."  *See also Spark Factor Design, Inc. v. Hjelmeset (In re Open Med. Inst.)*, 639 B.R. 169, 186 (9th Cir. BAP 2022) ("[T]he bankruptcy court has discretion to refuse to allow overbids.").  Here, all allowed claims are set to be paid in full, with interest, and the Vehicle essentially belongs to the Landlord, which consents to the sale.  In other words, creditors have no material interest in the sale or its outcome.  Under such circumstances, holders of equity security interests are interested in the outcome.  However, the Debtor expects its sole member, Mare Island Dry Dock Investment LLC, to either consent to the sale or take no position.

18.     Moreover, engagement and compensation of an auctioneer, or marketing the Vehicle without the aid of an auctioneer, is likely to significantly diminish the sale proceeds, not to increase them.  A private sale avoids such unnecessary expenses.

DEBTOR'S MOTION FOR AUTHORITY TO SELL AUTOMOBILE                                      Page 4

19. In any event, if the Court is inclined to permit overbids, the Debtor requests that the Court require overbidders to qualify by presenting evidence of available funds at the time of the hearing.

### C. THERE IS CAUSE TO WAIVE THE FOURTEEN-DAY STAY PROVIDED IN RULE 6004(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

20. There is cause to waive the fourteen-day stay. Rule 6004(h) provides that: "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The purposes of Rule 6004(h) are (a) to provide an opportunity for an opposing party to seek a stay pending appeal and (b) to provide time to vacate or remove the property from the asset to be sold. Here, no party in interest will be prejudiced by the sale, and there is no practical reason to delay. By contrast, delaying the sale subjects the estate to unnecessary risks and depreciation. Accordingly, the fourteen-day stay should be waived.

### PRAYER FOR RELIEF

WHEREFORE, the Debtor prays for entry of an order:

1. Authorizing the Debtor to sell the Vehicle to Ms. Santos pursuant to the Agreement and upon the terms described above;

2. Providing that the sale proceeds may be paid directly to the Landlord;

3. Waiving the fourteen-day stay provided in Rule 6004(h); and

4. For such other and further relief as is appropriate in the premises.

Dated: May 19, 2026   BINDER MALTER HARRIS & ROME-BANKS LLP

       By: /s/ *Reno Fernandez*
         Reno Fernandez
         Attorneys for Debtor in Possession,
         Mare Island Dry Dock, LLC